IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:20-cr-152 (RDA) |
| | ) | |
| MARTIN NIEVES HUIZAR, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Martin Nieves Huizar's Motion for Compassionate Release. Dkt. 40. This matter has been fully briefed and is now ripe for disposition. Considering the Motion together with the Government's Opposition (Dkt. 41), this Court DENIES the Motion for the reasons that follow.

I. FACTUAL AND PROCEDURAL BACKGROUND

On July 8, 2020, Defendant pleaded guilty to the transportation of child pornography in foreign commerce, in violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1). Dkt. 30 at 3. As Defendant admitted in his Statement of Facts supporting his guilty plea, U.S. Custom and Border Protection Officers found Defendant in possession of images of child pornography on his computer tablet and smartphone after Defendant's arrival in the United States from Frankfurt, Germany. Dkt. 26 at 1-4. Defendant conceded that there were images/videos that depicted child pornography on his devices, and that he downloaded child pornography files from the Internet. He also stated that he was aware that he possessed child pornography in the electronic devices both at the time when he departed the United States and when he returned to and entered the United States. *Id.* at 2-3. Moreover, law enforcement seized five electronic devices from Defendant and Defendant's residence, all of which yielded files that were identified as child pornography. *Id.* at 4-8.

Pursuant to the presentence investigation report ("PSR"), Defendant had a total offense level of 32 and a criminal history category of I. Dkt. 30 at ¶¶ 91-94. Pursuant to the applicable U.S. Sentencing Guidelines, Defendant's guideline range was between 121 and 151 months.

On November 18, 2020, this Court sentenced Defendant to a total term of 109 months' imprisonment, restitution in the amount of $10,000, and a 10-year term of supervised release. Dkt. 36.

On March 18, 2022, Defendant submitted an institutional form to the Bureau of Prisons ("BOP") requesting compassionate release. Dkt. 41-1 at 1. Defendant's request was denied because he did "not suffer from an incurable, progressive illness" and was "capable of carrying out [his] institutional daily life activities without assistance." Dkt. 41-2 at 1.

On May 5, 2022, Defendant filed the instant Motion for Compassionate Release ("Motion"). Dkt. 40. As of the filing of his Motion, Defendant had served approximately 25 months of his 109-month sentence.[1] *Id.* at 1. He possesses a variety of medical conditions, including obstructive sleep apnea, asbestosis, obesity, and silicosis. *Id.* Defendant asserts that these "conditions [] place [him] at greater risk of contracting, have severe reactions and possibly dying of complications that result from infection of all variants of COVID-19" *Id.* Defendant also seeks compassionate release to assist with his elderly parents. *Id.* at 2. Defendant requests that he be allowed to return home under home detention at his sister's home. *Id.* at 6.

The Government responded in opposition to Defendant's Motion on May 18, 2022, stating that "[b]ecause [Defendant] does not have a medical condition that qualifies as an 'extraordinary and compelling' reason for release, and the statutory sentencing factors in 18 U.S.C. § 3553(a) do not support release for this sex offender, the Court should deny his motion." Dkt. 41 at 1.

---

[1] Defendant is scheduled for release on December 14, 2027. Dkt. 40 at 1.

## II. ANALYSIS

A defendant seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) bears the burden of establishing (1) that there are "extraordinary and compelling reasons" warranting compassionate release and (2) that analysis of the § 3553(a) factors weighs in favor of compassionate release. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Sprague*, 838 F. App'x 775, 775-76 (4th Cir. 2021); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). Applying that standard here, Defendant's motion for compassionate release must be denied.

Defendant is a thirty-nine-year-old man dealing with obesity, sleep apnea, silicosis, and PTSD and is a former smoker. Dkt. 40 at 1. Defendant suggests that his medical conditions put him at risk of more serious health outcomes if he contracts COVID-19. As courts of appeals have recognized, however, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 954, 597 (3rd Cir. 2020). Thus, in analyzing motions for compassionate release based on COVID-19, district courts within the Eastern District of Virginia have examined whether a defendant has both (i) a particularized susceptibility to the disease and (ii) a particularized risk of contracting the disease at his prison facility. *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020). But Defendant fails to include crucial relevant information regarding his risk: (i) Defendant fails to include a statement from any of his health providers regarding his risk of COVID-19; and (ii) Defendant fails to include any statistics regarding the prevalence of COVID-19 in the institution in which he is incarcerated. Where Defendant has provided relevant information regarding his risk (whether Defendant is vaccinated, and whether Defendant has previously contracted COVID-19 and what, if any health consequences he faced), the information weighs against release. Defendant clearly states he has "not gotten the vaccine."

3

Dkt 40 at 3.  Defendant's refusal to take preventative measures against COVID-19 substantially undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison.  *See United States v. Greene*, 2021 WL 1969453, at *3 (E.D. Va. May 17, 2021) (finding that a defendant who "refused to be vaccinated when offered the opportunity" failed to establish a particular risk).  Defendant further states he has been tested 10-20 times with no positive result of infection of COVID-19.  Dkt. 40 at 3.  Statistics publishes by the Bureau of Prisons show that out of 4029 inmates currently at FCI Fort Dix, there is only one active case of COVID.  *See* Federal Bureau of Prisons, *Statistics: Inmate COVID-19 Data*, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited December 27, 2024).  Again, this demonstrates that Defendant is not at a higher risk of contracting COVID-19.  Moreover, courts have generally recognized that – in light of advances in treatment, prevention, and vaccines – "the threat from COVID-19 has diminished nationwide and within the BOP." *United States v. Gonzales*, 2023 WL 6386139, at *2 (W.D.N.Y. Oct. 2, 2023).  Defendant has thus failed to meet his burden of establishing extraordinary or compelling circumstances based on COVID-19.

Defendant's medical conditions also do not establish extraordinary and compelling circumstances warranting a sentence reduction.  Courts have denied motions for compassionate release premised on similar diagnoses of obesity and being a former smoker.  *See, e.g.*, *United States v. Waugh-Hixon*, 2021 WL 4750713 (D. Md. Oct. 12, 2021) (denying motion for compassionate release where defendant had high BMI); *United States v. Jones*, 2021 WL 2805947 (D. Md. July 6, 2021) (holding that obesity is not sufficient for a finding that there are extraordinary and compelling reasons to justify compassionate release); *United States v. Ferrell*, 2022 WL 1127904 (D. Md. Apr. 15, 2022) (collecting cases on mixed results for whether a former smoker

4

has extraordinary and compelling circumstances for compassionate release, however noting that such claims are "severely weakened" by a "refusal to receive the COVID-19 vaccine"). Regarding his sleep apnea and PTSD, the CDC does not consider such individuals to be at greater risk for severe illness from COVID-19. CDC, COVID-19, *People with Certain Medical Conditions and COVID-19 Risk Factors*, https://www.cdc.gov/covid/risk-factors/?CDC_AAref_Val=https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited December 27, 2024). Generally, courts have found that defendants who suffer from medical conditions that the CDC does not recognize as posing a greater risk of severe illness from COVID-19 have not established extraordinary and compelling reasons for compassionate release. *See, e.g.*, *United States v. Morris*, 2023 WL 6204545, at *4 (W.D. Va. Sept. 22, 2023) (finding defendant's sleep apnea, which was being addressed, did not constitute extraordinary and compelling circumstances); *United States v. Ford*, 2020 WL 7336882, at *2 (D. Md. Dec. 14, 2020) (finding that defendant's high blood pressure and sleep apnea did not constitute extraordinary and compelling circumstances); *United States v. Blair*, 2023 WL 6619380 (D.S.C. Oct. 10, 2023) (finding that defendant's PTSD and high cholesterol did not constitute extraordinary and compelling circumstances). Thus, Defendant's medical conditions do not establish extraordinary and compelling circumstances warranting a sentence reduction.

Defendant also argues that he is entitled to compassionate release to care for his elderly parents. Under the revised guidelines, a defendant may be able to show an extraordinary and compelling reason for a sentence reduction upon producing evidence that a defendant's parent is incapacitated and that the defendant would be the only available caregiver for the parent. U.S.S.G. § 1B1.13(b)(3)(C). Defendant fails to provide this information and, in fact, notes that "his mother is still in relatively good health," though his "step-father's health has been on a steady decline."

Dkt. 40 at 2. Defendant fails to establish that he would be the only caregiver available here, as his mother is available. Further, Defendant is requesting to be released to his sister's home, which both demonstrates that there is another caregiver available and that Defendant would not be residing with his mother to provide any care. *Id.* at 6. Accordingly, this Court is unconvinced by Defendant's argument for compassionate release based on the medical and physical conditions of his parents.

Even assuming, *arguendo*, that Defendant has established extraordinary and compelling circumstances, that does not end the analysis. The Court must also examine the 18 U.S.C. § 3553(a) factors. Generally, "federal courts have been disinclined to grant compassionate release to petitioners convicted of crimes involving child pornography, even for vulnerable petitioners during the COVID-19 pandemic, citing potential dangerousness." *Coleman v. United States*, 465 F. Supp.3d. 543, 549 (E.D. Va. 2020). Crimes of child exploitation have real minor victims, which weighs heavily against release. *See, e.g.*, *United States v. Brown*, 2023 WL 4240751 (W.D.N.C. June 28, 2023) (holding that child pornography offenses are serious and permitting compassionate release would not adequately protect the public from potential subsequent offenses) Here, Defendant was given a sentence of 109 months' imprisonment, below the guideline range of 121-151 months. Reducing Defendant's sentence to a sentence even further below the guideline range would not reflect the seriousness of the offense, afford adequate deterrence, promote respect for the law, or provide just punishment. 18 U.S.C. § 3553(a). Although the Court retains authority to grant a motion for compassionate release after imposing a sentence, Defendant has not demonstrated that the circumstances that warranted the imposition of his sentence have significantly changed. Thus, the § 3553(a) factors do not support granting Defendant's motion.

## III.  CONCLUSION

Accordingly, it is hereby ORDERED that Defendant's Motion for Compassionate Release (Dkt. 40) is DENIED.

If Defendant wishes to appeal this decision, he must file a written Notice of Appeal with the Clerk of this Court within fourteen (14) days of receipt of this Memorandum Opinion and Order.  Failure to file a timely Notice of Appeal waives the right to appeal.

The Clerk is directed to forward a copy of this Order to counsel of record and to Defendant.

It is SO ORDERED.

Alexandria, Virginia
December 30, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge